IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>        Plaintiff,<br><br>   v.<br><br>Y. FRANCO,<br><br>        Defendant. | No. C 12-5885 RMW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a state prisoner proceeding *pro se*, filed a federal civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons that follow, the Court DISMISSES the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged deprivation was committed by a person acting under the color of state law. West v.
5  Atkins, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7      Plaintiff sues prison official, Y. Franco. Plaintiff alleges that he was transported to the
8  prison hospital for x-rays on his shoulder. Plaintiff was transported in waist chains. After the
9  appointment, plaintiff was escorted back to the holding tank. Defendant Franco ordered plaintiff
10 to place his hands behind his back so that Franco could handcuff him. Plaintiff told Franco that
11 he had a shoulder injury and tried to show him the permanent chrono he had stating that he
12 should only have waist chains. Franco handcuffed plaintiff anyway. Plaintiff remained
13 handcuffed until everyone returned to the van and was transported back to the prison. Plaintiff
14 alleges that the handcuffing unnecessarily aggravated plaintiff's shoulder pain.

15     The Constitution does not mandate comfortable prisons, but neither does it permit
16 inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner
17 receives in prison and the conditions under which he is confined are subject to scrutiny under the
18 Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). A prison official
19 violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must
20 be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson
21 v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable
22 state of mind, id. (citing Wilson, 501 U.S. at 297). In determining whether a deprivation of a
23 basic necessity is sufficiently serious to satisfy the objective component of an Eighth
24 Amendment claim, a court must consider the circumstances, nature, and duration of the
25 deprivation. The more basic the need, the shorter the time it can be withheld. See Johnson v.
26 Lewis, 217 F.3d 726, 731 (9th Cir. 2000). In its present state, plaintiff's claim that Franco
27 forcibly placed him in handcuffs during a medical transportation is not a sufficiently serious
28 deprivation to trigger a constitutional violation. See, e.g., Hudson v. McMillian, 503 U.S. 1, 9-

10 (1992) (Eighth Amendment excludes from constitutional recognition de minimis uses of force). To that end, plaintiff will be given leave to amend if he can allege in good faith that the deprivation he suffered was objectively and sufficiently serious.

Plaintiff's remaining claims of discrimination, fraud, harassment, intimidation, retaliation, and excessive force are conclusory, and thus, are also DISMISSED with leave to amend. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."' Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). If plaintiff believes in good faith that he can state a claim for relief for these allegations in compliance with Rule 8(a), he may file an amended complaint within thirty days from the filing date of this order. At this time, plaintiff's state law claims are DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, the court orders:

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (C 12-5885 RMW (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Hardaway885dwla.wpd    3

1  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
2  pursuant to Federal Rule of Civil Procedure 41(b).
3      IT IS SO ORDERED.
4  DATED: _____                    _____
                                        RONALD M. WHYTE
5                                        United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Hardaway885dwla.wpd      4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SONNY RAY HARDAWAY,

        Plaintiff,

  v.

Y. FRANCO et al,

        Defendant.

Case Number: CV12-05885 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sonny Ray Hardaway P-45579  
Kern Valley State Prison  
PO Box 5102  
134-101  
Delano, CA 93216

Dated: March 27, 2013

                                        Richard W. Wieking, Clerk  
                                        By: Jackie Lynn Garcia, Deputy Clerk