IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SONNY RAY HARDAWAY, | ) | No. C 12-5885 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE; |
| v. | ) ) | DENYING AMENDED MOTION TO DISMISS WITHOUT PREJUDICE; |
| Y. FRANCO, | ) ) | DENYING MOTION TO CONVERT |
| Defendant. | ) ) ) | (Docket Nos. 19, 25, 30) |

    Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. The court ordered service upon defendant. Defendant has filed a motion to dismiss for failure to exhaust, an amended motion to dismiss for failure to exhaust, and a motion to convert defendant's motion to dismiss into a motion for summary judgment, in light of the Ninth Circuit's opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc).

    Under Albino, in the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). Id. at 1169. Otherwise, a defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. Id. Defendant must present probative evidence that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy. Id.

    In view of Albino, defendant filed a motion to convert his motion and amended motion to

1  dismiss for failure to exhaust into a motion for summary judgment.  However, out of an
2  abundance of caution, as a matter of clarity, and to ensure that plaintiff understands the
3  difference between a Rule 12(b) motion and a motion for summary judgment, defendant's
4  request to convert his motions are DENIED.  (Docket No. 30.)  Defendant's motion (doc. no. 19)
5  and amended motion (doc. no. 25) to dismiss plaintiff's instant prisoner action under the
6  unenumerated portion of Rule 12(b) for failure to exhaust available administrative remedies are
7  also DENIED.  The denials are without prejudice to defendant renewing his failure to exhaust
8  defense in a motion for summary judgment, if appropriate.

9       In order to expedite these proceedings, defendant must serve and file a motion for
10 summary judgment (whether or not they choose to raise a failure to exhaust defense) within 60
11 days of this order.  Plaintiff must serve and file an opposition or statement of non-opposition to
12 the motion not more than 28 days after the motion is served and filed, and defendant must serve
13 and file a reply to an opposition not more than 14 days after the opposition is served and filed.

14      IT IS SO ORDERED.
15 DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
16                     United States District Judge

Order Denying Motion to Dismiss Without Prejudice; Denying Amended Motion to Dismiss Without Prejudice; Denying Motion to Convert
P:\PRO-SE\RMW\CR.12\Hardaway885albino.wpd    2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SONNY RAY HARDAWAY,

        Plaintiff,

  v.

Y. FRANCO et al,

        Defendant.

Case Number: CV12-05885 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 21, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sonny Ray Hardaway P-45579
Salinas Valley State Prison
B2-217
PO Box 1050
Soledad, CA 93960

Dated: August 21, 2014

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk