**E-FILED**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SONNY RAY HARDAWAY, | ) | No. C 12-5885 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION TO DECLARE PLAINTIFF A |
| v. | ) ) | VEXATIOUS LITIGANT |
| Y. FRANCO, | ) ) | (Docket No. 16.) |
| Defendant. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended federal civil rights complaint pursuant to 42 U.S.C. § 1983. The court ordered service upon defendant. Defendant has filed a motion to declare plaintiff a vexatious litigant and impose a pre-filing order against him.[1] Although given an opportunity, plaintiff has not filed an opposition. For the reasons stated below, defendant's motion is DENIED.

**DISCUSSION**

Defendants move to have plaintiff declared a vexatious litigant based on his repeated filings in this and in other federal and state civil cases in which plaintiff is a party, usually as a plaintiff. In particular, defendants seek an order declaring plaintiff a vexatious litigant, requiring him to demonstrate the merits of any potential lawsuit before being permitted to file a complaint.

---

[1] Defendant has also filed a request for judicial notice. The request is GRANTED.

1   The Ninth Circuit recognizes "the inherent power of federal courts to regulate the
2 activities of abusive litigants by imposing carefully tailored restrictions under appropriate
3 circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). A request to
4 declare a party a vexatious litigant entails consideration of four factors: (1) the party must have
5 had adequate notice and an opportunity to oppose the order; (2) there must be an adequate record
6 for review, including a list of all cases and motions that led the court to conclude that a vexatious
7 litigant order was necessary; (3) the court must make a substantive finding as to the frivolous or
8 harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to fit the
9 particular problem involved. Id. at 1147-48. "[P]re-filing orders are an extreme remedy that
10 should rarely be used . . . because such sanctions can tread on a litigant's due process right of
11 access to the courts." Id. "Nevertheless, '[f]lagrant abuse of the judicial process cannot be
12 tolerated because it enables one person to preempt the use of judicial time that properly could be
13 used to consider the meritorious claims of other litigants.'" Moski v. Evergreen Dynasty Corp.,
14 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting De Long, 912 F.3d at 1148).

15   There can be no legitimate dispute that plaintiff is an abusive litigant.  The record in the
16 various federal and state civil actions involving plaintiff, spanning over 17 years, is littered with
17 his repeated motions and other requests in which he accuses a variety of defendants of
18 committing wrongs against him.  "To determine whether the litigation is frivolous, district courts
19 must look at both the number and content of the filings as indicia of the frivolousness of the
20 litigant's claims," to make a substantive finding as to the plaintiff's actions. Ringgold-Lockhart
21 v. County of Los Angeles, No. 11-57231, 2014 WL 3805579, at *4 (9th Cir. 2014).
22 Alternatively, the court may make an alternative finding that the plaintiff's filings "show a
23 pattern of harassment." Id. at *5 (quoting De Long, 912 F.3d at 1148.)

24   Here, although defendant asserts that plaintiff's current case is frivolous, the Ninth
25 Circuit has not decided that dismissal solely for failure to exhaust administrative remedies is a
26 dismissal on the basis of frivolity. O'Neal v. Price, 531 F.3d 1146, 1155 n.9 (9th Cir. 2007).  In
27 addition, although plaintiff most certainly is litigious, litigiousness alone is not enough to justify
28 a pre-filing order. See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990). Defendant has

Order Denying Motion to Declare Plaintiff a Vexatious Litigant
P:\PRO-SE\RMW\CR.12\Hardaway885vex.wpd         2

1  attached a binder full of plaintiff's initiated lawsuits to support his motion. However, regarding
2  the first eleven cases (Defs.' Req. Jud. Not., Exs. B-L), defendant only provides a copy of the
3  docket sheet, which does not include a copy of the complaint or final order. Without either
4  document, the court cannot determine whether any of plaintiff's claims were "patently without
5  merit." Id. at 470. In addition, there are at least three cases in defendant's exhibit list which
6  appear to demonstrate that plaintiff had at least three cases dismissed without prejudice for
7  failing to pay the filing fee or a completed application to proceed in forma pauperis. (Id., Exs.
8  M-2, N-2, T-2.) A dismissal for failing to pay the filing fee or a completed application to
9  proceed in forma pauperis is not akin to a dismissal for frivolity or failure to state a claim.
10 Although plaintiff is most certainly litigious, a review of a sampling of defendant's exhibits
11 reveals that there does not appear to be an inordinate number of frivolous complaints.
12 Alternatively, out of the more than forty cases filed by plaintiff in the United States District
13 Courts that were cited by defendant in support of his motion, it does not appear that defendant
14 was a party to any of the actions in which plaintiff submitted the offending filings and thus, there
15 is not a pattern of harassment.
16     Finally, defendant's request that the vexatious litigant order apply to any new litigation in
17 this district is not narrowly-tailored to prevent his abusive behavior. See De Long, 912 F.2d at
18 1147; see, e.g., Moy, 906 F.2d at 470 (concluding that court order preventing plaintiff from
19 filing any actions without leave of court was overly broad where plaintiff had only been overly
20 litigious to the same group of defendants).
21     In light of the concerns expressed above, defendant's motion for an order declaring
22 plaintiff a vexatious litigant is DENIED. Plaintiff is warned, however, that he has no right to file
23 frivolous and harassing lawsuits or motions, and that doing so violates Rule 11 of the Federal
24 Rule of Civil Procedure. Rule 11 applies equally to attorneys and pro se litigants alike. Warren
25 v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).

26                                  **CONCLUSION**
27     Defendant's motion to declare plaintiff a vexatious litigant is DENIED.
28

Order Denying Motion to Declare Plaintiff a Vexatious Litigant
P:\PRO-SE\RMW\CR.12\Hardaway885vex.wpd        3

1  IT IS SO ORDERED.
2  DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Motion to Declare Plaintiff a Vexatious Litigant
P:\PRO-SE\RMW\CR.12\Hardaway885vex.wpd      4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SONNY RAY HARDAWAY,

        Plaintiff,

  v.

Y. FRANCO et al,

        Defendant.

Case Number: CV12-05885 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 21, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sonny Ray Hardaway P-45579
Salinas Valley State Prison
B2-217
PO Box 1050
Soledad, CA 93960

Dated: August 21, 2014

                                    Richard W. Wieking, Clerk
                                    By: Jackie Lynn Garcia, Deputy Clerk