IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>    Plaintiff,<br><br> vs.<br><br>Y. FRANCO,<br><br>    Defendant. | No. C 12-5885 RMW (PR)<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

Plaintiff, a California state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendant Officer Y. Franco was deliberately indifferent to plaintiff's serious medical needs. Defendant has moved for summary judgment based on a failure to exhaust. Plaintiff has filed an opposition, and defendant has filed a reply.

For the reasons stated below, and after a review of the record, the court GRANTS defendant's motion for summary judgment.

## BACKGROUND[1]

Plaintiff alleges that on June 23, 2011, he was transported in waist chains to the prison hospital for x-rays on his "torn shoulder." After the appointment, defendant ordered plaintiff to

---

[1] The following facts are taken in the light most favorable to plaintiff and are undisputed unless otherwise indicated.

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\RMW\CR.12\Hardaway885msjexh.wpd

place his hands behind his back so that defendant could handcuff him. Plaintiff told defendant that he had a shoulder injury and could not be in handcuffs. Plaintiff showed defendant his chrono for permanent waist chains. Defendant refused to look at the chrono, told plaintiff he did not care about plaintiff's shoulder pain, threatened plaintiff, and forcefully handcuffed plaintiff anyway. Plaintiff alleges that he was required to wear the handcuffs behind his back for some time including during the transportation back to the prison. Plaintiff alleged that the handcuffs seriously aggravated his painful torn shoulder, in violation of the Eighth Amendment.

**DISCUSSION**

**A.    Standard of Review**

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (a fact is material if it might affect the outcome of the suit under governing law, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Generally, when defendants move for summary judgment on an affirmative defense on which they bear the burden of proof at trial, they must come forward with evidence which would entitle them to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment for non-exhaustion, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If defendants carry that burden, the prisoner has the burden of production. "That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case

that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence on a disputed material fact. See T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. See id. at 631.

**B.     Analysis**

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the California Department of Corrections and Rehabilitation or his designee. Id. § 3084.1(b), § 3084.7(d)(3); see Woodford v. Ngo, 548 U.S. 81, 85-86 (2006).

Defendant argues that plaintiff's grievance was untimely. Defendant proffers that

1  plaintiff submitted inmate grievance SVSP-L-11-2787 on December 15, 2011, complaining
2  about the incident. (MSJ at 9.) However, while plaintiff's federal complaint alleges that
3  defendant injured him on June 23, 2011 (Am. Compl. at 1-2), plaintiff's inmate grievance states
4  that defendant injured him on January 19, 2011 (Medina Decl., Ex. B). Specifically, plaintiff's
5  grievance stated, "1/19/11 doctor ordered that black plaintiff get a x-ray for his painful left
6  shoulder. Black plaintiff was put in waist chains and taken to get a x-ray. After the x-ray black
7  plaintiff was handcuffed." (Medina Decl. Ex B at 1.) Plaintiff requested that defendant be
8  investigated and plaintiff be awarded money damages. (Id.)
9      Because the grievance alleged the underlying incident occurred on January 19, 2011,
10 plaintiff was required to submit his grievance within 15 working days. See Cal. Code Regs. tit.
11 15, § 3084.6(c) (2011). However, plaintiff dated his grievance on July 21, 2011, and the
12 grievance was not received/logged by the Inmate Appeals Coordinator until December 15, 2011.
13 Thus, plaintiff's grievance as stated was properly rejected as untimely. See id. Defendant
14 argues that because the PLRA's exhaustion requirement cannot be satisfied "by filing an
15 untimely or otherwise procedurally defective administrative grievance or appeal," see Woodford
16 v. Ngo, 548 U.S. 81, 84 (2006), plaintiff has failed to exhaust his available administrative
17 remedies.
18     Moreover, proper exhaustion requires using all steps of an administrative process and
19 complying with "deadlines and other critical procedural rules." Ngo, 548 U.S. at 90. The level
20 of detail in an administrative grievance necessary to properly exhaust a claim is determined by
21 the prison's applicable grievance procedures. Jones v. Bock, 549 U.S. 199, 218 (2007); see also
22 Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner
23 need only provide the level of detail required by the prison's regulations"). The level of
24 specificity required in the appeal is described in the California Code of Regulations, which
25 requires that in an appeal, inmates "shall list all staff member(s) involved and shall describe their
26 involvement in the issue. To assist in the identification of staff members, the inmate . . . shall
27 include the staff member's last name, first initial, title or position, if known, and the dates of the
28

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\RMW\CR.12\Hardaway885msjexh.wpd

1  staff member's involvement in the issue under appeal." Cal. Code Regs. tit. 15, § 3084.2(a)(3)[2]
2  (emphasis added).

3      The undisputed evidence shows that plaintiff's grievance stated that January 19, 2011,
4  rather than June 23, 2011 as stated in plaintiff's amended complaint, was the relevant date of the
5  incident. As a result of plaintiff's failure to allege June 23, 2011 as the date of the incident,
6  plaintiff did not "provide the level of detail required by the prison's regulations," Sapp, 623 F.3d
7  at 824, and therefore did not properly exhaust his administrative remedies. See Ngo, 548 U.S. at
8  90. By providing January 19, 2011, as the date of the incident, plaintiff failed to give sufficient
9  information to allow prison officials to take appropriate responsive measures as to plaintiff's
10 underlying federal claim alleged to have occurred on June 23, 2011, and instead, prison officials
11 properly rejected the grievance as untimely.

12     Based on the foregoing, defendant has carried his burden to demonstrate that there were
13 available administrative remedies for plaintiff, and that plaintiff did not properly exhaust those
14 remedies.

15     Plaintiff responds, however, that he should be excused from the exhaustion requirement
16 because the procedure was effectively unavailable to him. Plaintiff first argues that his appeal
17 was erroneously screened out. (Opp. at 5.) However, under Sapp, 623 F.3d at 822-23, to satisfy
18 this exception to exhaustion, an inmate must show: "(1) that he actually filed a grievance or
19 grievances that, if pursued through all levels of administrative appeals, would have sufficed to
20 exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened
21 his grievance or grievances for reasons inconsistent with or unsupported by applicable
22 regulations." Id. at 823-24. Here, even assuming that plaintiff can satisfy the first factor, as the
23 court already noted above, plaintiff's grievance, submitted at the earliest on July 21, 2011 and
24 received on December 15, 2011, was untimely, see Cal. Code Regs. tit. 15, § 3084.6(c) (2011);

---

[2] Section 3084.2 was amended in 2010 (with the 2010 amendments becoming operative on January 28, 2011), and those amendments included the addition of subsection (a)(3) which requires the listing of all staff members involved and the date(s) of involvement. See Cal. Code Regs., tit. 15 § 3084.2 (history notes 11-12 providing operative date of amendment).

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\RMW\CR.12\Hardaway885msjexh.wpd

1  Cal. Code Regs., tit. 15, § 3084.8(b), and plaintiff has not sufficiently shown that prison officials
2  screened out or rejected his grievance for any reason inconsistent with the applicable regulations.
3  Thus, plaintiff is not excused from the exhaustion requirement under Sapp.

4  Plaintiff further submits that on June 23, 2011, plaintiff filled out a grievance (CDCR 22)
5  and mailed it to defendant. (Opp. at 6.) Defendant did not respond. On July 21, 2011, plaintiff
6  filled out a 602 grievance and mailed it to the appeals office. (Id.) The appeals office refused to
7  "answer" or return the appeal. On September 4, 2011, plaintiff filed a 602 grievance to the
8  Warden's office at the second level of review, but it was also refused and was not returned. (Id.)
9  On November 2, 2011, plaintiff mailed a 602 grievance to the third level of review. Plaintiff
10 alleges that he waited 30 days to receive a response from each level of review and when he did
11 not receive one, he mailed his grievance to the next level. (Opp. at 7.) However, while a
12 verified complaint or motion may be used as an opposing affidavit under Rule 56, as long as it is
13 based on personal knowledge and sets forth specific facts admissible in evidence, see Johnson v.
14 Meltzer, 134 F.3d 1393, 1400 (9th Cir. 1998); Schroeder v. McDonald, 55 F.3d 454, 460 &
15 nn.10-11 (9th Cir. 1995), here plaintiff did not verify his opposition pursuant to 28 U.S.C.
16 § 1746, and thus, the court cannot treat his statements as an opposing affidavit.

17 Nonetheless, even taking plaintiff's allegations as true, because plaintiff's grievance
18 alleged an incident occurring on January 19, 2011, rather than June 23, 2011, plaintiff failed to
19 provide sufficient information that would alert prison officials that his grievance was timely, or
20 that his grievance was complaining about a June 23, 2011 incident. Because plaintiff did not
21 comply with proper grievance procedures, prison officials were not on notice of plaintiff's
22 underlying federal claim against defendant. Thus, plaintiff did not exhaust his administrative
23 remedies, and has not provided evidence showing that "there is something in his particular case
24 that made the existing and generally available administrative remedies effectively unavailable to
25 him." Albino, 747 F.3d at 1172.[3]

---

27,28  [3] The court notes that while defendant's evidence suggests that plaintiff's grievance was not received, logged, or assigned a grievance number until December 15, 2011 (Medina Decl. ¶ 10, Ex. A at 1), the copy of plaintiff's grievance shows a stamp that clearly states, "RECEIVED

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\RMW\CR.12\Hardaway885msjexh.wpd

1  Accordingly, the court grants defendant's motion for summary judgment based on
2  plaintiff's failure to exhaust.

3  **CONCLUSION**

4  Defendant's motion for summary judgment is GRANTED. The Clerk shall terminate all
5  pending motions and close the file.

6  IT IS SO ORDERED.

7  DATED: _____

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

Nov-8 2011 INMATE APPEALS BRANCH" (id., Ex. C). This stamp appears to indicate that, in fact, the grievance was submitted prior to December 15, 2011, and received by the Inmate Appeals Branch on November 8, 2011, rather than December 15, 2011. Unfortunately neither party acknowledges or addresses this stamp. Moreover, it is unclear why, even with the November 8, 2011 stamp, the Inmate/Parolee Appeals Tracking System Level I and II printout (Medina Decl., Ex. A at 1) reveals only a date of December 15, 2011 with respect to this particular inmate grievance. In addition, on plaintiff's grievance, there is a handwritten notation that plaintiff's appeal at the third level of review was rejected on "12/6/11," which further supports the notion that prison officials received plaintiff's grievance before December 15, 2011. (Id., Ex. B at 2.)

Despite these discrepancies, even assuming that plaintiff's grievance was submitted on July 21, 2011, as plaintiff asserts, the court finds that because plaintiff's grievance did not provide the level of detail required by the state regulations, and prison officials properly understood plaintiff's grievance complaining about a January 2011 incident, plaintiff did not comply with "deadlines and other procedural rules." Ngo, 548 U.S. at 90.

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\RMW\CR.12\Hardaway885msjexh.wpd

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONNY RAY HARDAWAY,

    Plaintiff,

  v.

Y. FRANCO,

    Defendant.

Case No. 12-cv-05885-RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dated: June 30, 2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Jackie Lynn Garcia, Deputy Clerk to the
Honorable RONALD M. WHYTE